## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

**KALOB LAFOSSE**                                    **\*CIVIL NO. 6:16-0364**

**VERSUS**                                           **\*JUDGE DOHERTY**

**ANADARKO PETROLEUM CORP., ET AL.**   **\*MAGISTRATE JUDGE HANNA**

### REPORT AND RECOMMENDATION

Pending before the undersigned for report and recommendation is the Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6),  filed by Magnolia Torque and Testing, Inc. ("Magnolia").  [rec. doc. 7].  Plaintiff, Kalob Lafosse ("Lafosse"), has filed Opposition. [rec. doc. 14].  Magnolia, Lafosse's employer, seeks dismissal of Lafosse's claims on grounds that Lafosse's exclusive remedy against it is workers' compensation benefits under the provisions of the Longshore and Harbor Workers Compensation Act ("LHWCA").

For the reasons set out below, it is recommended that the Motion to Dismiss be denied without prejudice and that Lafosse be granted leave to amend his complaint to assert a valid tort claim against Magnolia if one exists.  Oral argument on the Motion scheduled for June 28, 2016 is canceled.

## BACKGROUND

Lafosse seeks damages for injuries sustained in an accident which allegedly occurred on March 21, 2015 aboard  the "Neesen Rig," which was allegedly owned and operated by co-defendant Anadarko Petroleum Corporation ("Anadarko").  [rec. doc. 1, ¶ 4].  Lafosse was allegedly struck in the face by a socket which dislodged when Lafosse was attempting to "break out" a flange bolt, while using a pneumonic (hydraulic) unit held overhead and a swivel connection.  [*Id*. at ¶ 5-7].  Jurisdiction is based "under general maritime law, and under maritime and admiralty jurisdiction, Title 28 U.S.C. § 1333 . . .[and] 33 U.S.C. § 905(a)(b) and 33 U.S.C. § 933 . . . including the Longshore and Harbor Workers Compensation Act."  [*Id*. at  ¶ 1].

Lafosse expressly alleges that at the time of the accident he "was employed as a Torque Technician by Magnolia." [*Id*. at  ¶ 4; see also ¶ 13].   He further alleges that Magnolia paid him his base wage and arranged for post-accident dental repair.  [*Id*. at  ¶ 14].  When he returned to work, after a two week rotation, Magnolia terminated him on August 21, 2015 "because of its exposure to recovery under the LHWCA." [*Id*. at  ¶ 15].  Lafosse alleges that he has not reached maximum medical recovery and requires additional treatment.  [*Id*. at  ¶ 15]. However, Magnolia "callously refuses to provide for Kalob Lafosse's medical care and as such it is liable to the plaintiff for benefits, penalties and medical expenses until he reaches maximum medical recovery."  [*Id*. at  ¶

17].  Lafosse additionally alleges that Magnolia and Anadarko "are jointly and severally liable in tort and under the LHWCA due to the controlling language of the master service agreement in place between" them. [*Id*. at  ¶ 18].

With respect to Anadarko, Lafosse alleges that the pneumonic (hydraulic) unit lacked an emergency kill switch, and that the Anadarko person in charge knew or should have known that the unit was faulty and had been tagged for repair, but nevertheless approved its use.  [*Id*. at  ¶ 8-10].  Lafosse alleges that Anadarko is therefore liable for the unreasonably dangerous condition of the Neesen Rig and pneumonic (hydraulic) unit, and for failing to prevent and warn plaintiff of the hazards on the Neesen Rig. [*Id*. at  ¶ 11-13].

## Rule 12(b)(6) Motion to Dismiss Standard

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); F.R.C.P. 12(b)(6).

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in

the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted).  In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Ramming,* 281 F.3d at 161-162.

   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

   "A claim for relief is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Harold H. Huggins Realty, Inc.*, 634 F.3d at 796 *quoting Iqbal*, 129 S.Ct. at 1949.   This includes the basic requirement that the facts plausibly establish each required element for each legal claim. *Coleman v. Sweetin*, 745 F.3d 756 , 763 (5th Cir. 2014) *citing Iqbal*, 129 S.Ct. at 1949 and *Twombly,* 550 U.S. at 557. However, a complaint is insufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Id.* at 763-764 *quoting Iqbal*, 556 U.S. at 678 *quoting Twombly*, 550 U.S. at 555.

   "Factual allegations must be enough to raise a right to relief above the

4

speculative level. . . ." *Twombly*, 550 U.S. at 555; *Kopp v. Klein*, 722 F.3d 327, 333 (5th Cir. 2013). Thus, "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombley,* 127 S.Ct. at 1965 *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004); *Lormand v. US Unwired, Inc*., 565 F.3d 228, 257 at fn. 27 (5th Cir. 2009).  If a plaintiff fails to allege facts sufficient to "nudge[] his claims across the line from conceivable to plausible, his complaint must be dismissed." *Twombley,* 127 S.Ct. at 1974; *Malik v. Continental Airlines, Inc*., 305 Fed. Appx. 165, 167 (5th Cir. 2008); *Mitchell v. Johnson*, 2008 WL 3244283, *2 (5th Cir. 2008).

## LAW AND ANALYSIS

It is undisputed that Magnolia was the plaintiff's employer.  It is also undisputed that Anadarko owned and operated the Neesen Rig.  Lafosse has not factually alleged status as a Jones Act seaman, nor has he legally asserted a claim under the Jones Act. To the contrary, he alleges status as a covered employee under the LHWCA, specifically citing provisions of the Outer Continental Shelf Lands Act (43 U.S.C. § 1333[1]), and the LHWCA ( 33 U.S.C.  § 933[2] and § 905(a)[3] and (b)[4]).

---

[1]Section 1333provides in pertinent part as follows:
§ 1333 (b) Longshore and Harbor Workers' Compensation Act applicable; definitions
With respect to disability or death of an employee resulting from any injury occurring as the result of operations conducted on the outer Continental Shelf for the purpose of exploring for, developing, removing, or transporting by pipeline the natural resources, or

Under section 905(a) of the LHWCA, an injured worker is ordinarily barred from

bringing a civil action against his or her employer. When an employer fails to secure

_____

involving rights to the natural resources, of the subsoil and seabed of the outer
Continental Shelf, compensation shall be payable under the provisions of the Longshore
and Harbor Workers' Compensation Act [33 U.S.C.A. § 901 et seq.]. For the purposes of
the extension of the provisions of the Longshore and Harbor Workers' Compensation Act
under this section--
    (1) the term "employee" does not include a master or member of a crew
    of any vessel, or an officer or employee of the United States or any
    agency thereof or of any State or foreign government, or of any political
    subdivision thereof;
    (2) the term "employer" means an employer any of whose employees are
    employed in such operations;

[2]Section 933 provides in pertinent part:
§ 933 Compensation for injuries where third persons are liable
(a) Election of remedies
If on account of a disability or death for which compensation is payable under this
chapter the person entitled to such compensation determines that some person other than
the employer or a person or persons in his employ is liable in damages, he need not elect
whether to receive such compensation or to recover damages against such third person.

[3]Section 905(a) provides in pertinent part:
(a) Employer liability; failure of employer to secure payment of compensation
The liability of an employer prescribed in section 904 of this title shall be exclusive and
in place of all other liability of such employer to the employee, his legal representative,
husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to
recover damages from such employer at law or in admiralty on account of such injury or
death, except that if an employer fails to secure payment of compensation as required by
this chapter, an injured employee, or his legal representative in case death results from
the injury, may elect to claim compensation under the chapter, or to maintain an action at
law or in admiralty for damages on account of such injury or death.. . .

[4]Section 905(b) provides in pertinent part:
(b) Negligence of vessel
In the event of injury to a person covered under this chapter caused by the negligence of
a vessel, then such person, or anyone otherwise entitled to recover damages by reason
thereof, may bring an action against such vessel as a third party in accordance with the
provisions of section 933 of this title, and the employer shall not be liable to the vessel
for such damages directly or indirectly and any agreements or warranties to the contrary
shall be void. . . . . If such person was employed to provide shipbuilding, repairing, or
breaking services and such person's employer was the owner, owner pro hac vice, agent,
operator, or charterer of the vessel, no such action shall be permitted, in whole or in part
or directly or indirectly, against the injured person's employer (in any capacity, including
as the vessel's owner, owner pro hac vice, agent, operator, or charterer) or against the
employees of the employer. . . .

compensation in accordance with § 932 of the LHWCA, however, § 905(a) provides

that an employee "may elect to claim compensation under the chapter, or to maintain an

action at law or in admiralty for damages on account of such injury or death."   Under §

932(a) an employer  "secures" compensation either by purchasing an insurance policy

or by obtaining permission from the Secretary of Labor to self-insure and make

compensation payments directly to injured workers.  *Washington Metropolitan Area*

*Transit Authority v. Johnson*, 467 U.S. 925, 928 (1984).  The purpose of § 905(a) is to

induce employers to accept and participate in the LHWCA compensation scheme by

eliminating the non-participating employer's immunity from tort actions under the

LHWCA.  *Brown v. Forest Oil Corp*., 29 F.3d 966, 970 (5th Cir. 1994). The provision

thus "punishes" those employers who fail to secure compensation and, in essence,

restores the employee's  pre-LHWCA rights in tort against the non-participating

employer.   33 U.S.C. §§ 905(a), 938(a);  *Brown*, 29 F.3d at 971.

Contrary to plaintiff's argument, § 905(a) does not permit a covered employee to

elect a tort remedy against his employer when that employer has secured insurance

coverage as required under § 932 of the LHWCA.[5]  *Thibodeaux v. J. Ray McDermott*

*& Co.*, 276 F.2d 42 (5th Cir. 1960); *Jefferson v. S.S. BONNY TIDE*, 281 F.Supp. 884,

---

[5]Lafosse relies on *Saldana v. International Shipbreaking Limited, LLC*, an unpublished
opinion of the Southern District of Texas.  *Saldana v. International Shipbreaking Limited, LLC*,
2009 WL 1704274 (S.D. Tex. 2009). The decision is not binding on this Court and to the extent
that the decision suggests that wrongful denial of compensation benefits is actionable under §
905(a) in a federal district court, this Court respectfully disagrees.

885–886 (E.D. La. 1968) (employer must have the potential to pay compensation when/if required to do so by discharging its statutory obligation to secure insurance coverage, but need not actually make immediate or actual payment of benefits because the Act permits an employer to contest liability for compensation benefits; the employer's failure to actually pay benefits therefore does not create an election in the employee to maintain an action at law or in admiralty).

Congress created a statutorily-defined scheme to allow agency expertise to adjudicate and review all claims by land-based maritime workers. *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1208 (5th Cir. 1992) *citing Whitney Nat'l Bank in Jefferson Parish v. Bank of New Orleans & Trust Co.*, 379 U.S. 411, 420, 85 S.Ct. 551, 13 L.Ed.2d 386 (1965).   The LHWCA provides not only for payment of benefits, but also provides for redress in the event of nonpayment of benefits in the form of a penalty; the penalty provisions of the LHWCA provide the exclusive remedy for late payment or nonpayment of benefits. *Atkinson v. Gates, McDonald & Co.*, 838 F.2d 808, 809-10, 812-813 (5th Cir. 1988); 33 U.S.C. § 914, § 928 and § 931.

In *Ceres Gulf* , the Fifth Circuit outlined Congress's scheme under the LHWCA, stating: "[the LHWCA] empowers the [Labor Department's] deputy commissioner [of the district office of the division of longshore and harbor worker's compensation] to order a hearing before an ALJ [administrative law judge], § 919(c), and authorizes appeals of claim determinations to the BRB [benefits review board], § 921(b), with

review of its orders in a court of appeals, § 921(c)."  *Ceres Gulf*, 957 F.2d at 1208.

Thus, federal trial courts lack original subject-matter jurisdiction to resolve claims

under the LHWCA.  *Ceres Gulf*, 957 F.2d at 1208; *Watson v. Massman Constr. Co.*,

850 F.2d 219, 224 (5th Cir. 1988).  Employer liability is exclusively relegated to the

administrative processes of the LHWCA, that is, the LHWCA provides the exclusive

remedy for the nonpayment of compensation benefits due thereunder.  *See Atkinson*,

838 F.2d at 809-10, 813-814.  Once a compensation award has become final, the district

court's role is limited to enforcing the administrative compensation order. *See* 33 U.S.C.

§ 921(d) (2000).

In this case, Lafosse does not allege that Magnolia failed to secure workers

compensation insurance coverage as required under the LHWCA.  Lafosse alleges only

that Magnolia has not paid medical expense benefits he believes are due to him.  He

therefore seeks "benefits, penalties and medical expenses until he reaches maximum

medical recovery."  [rec. doc. 1, ¶ 17].  This type of claim is  exclusively relegated to

the administrative processes of the LHWCA.[6]   As alleged, Lafosse has failed to state a

claim upon which relief may be granted by this Court.

Magnolia sets forth in its memorandum that it "was insured by Louisiana

---

[6].  While not properly considered in the context of the instant motion, in its memorandum in support of the instant motion, Magnolia sets forth that Lafosse "has asserted  [claims for LHWCA benefits] with the office of the District Director for Worker Compensation Programs." [*Id*. at pg. 5].

Workers' Compensation Corporation for accidents and/or injuries falling within the purview of the LHWCA." [rec. doc. 7-1, pg. 4]. However, that cannot be considered in the context of the motion as the Court is constrained to look to the allegations of the complaint. If the plaintiff does contend that Magnolia failed to secure insurance coverage, a claim in tort under §905(a) could exist.  When a plaintiff's complaint fails to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner which will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *See also Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986) (noting that "[a] complaint sought to be dismissed under Rule 12(b)(6) may generally be amended to cure its deficiencies."). Therefore, the plaintiff should be given leave to amend to assert such a claim if one **in fact** exists.[7]

Additionally, under certain circumstances, the employer who is liable for LHWCA worker's compensation benefits can also be sued in tort under the "dual capacity doctrine" if the employee is injured on a vessel owned or chartered by his employer - but only for acts of vessel negligence. *Levine v. Pintail Enterprises, Inc.,*

---

[7]. Counsel is cautioned that if, as Magnolia suggests, it is insured for LHWCA exposure, bringing a claim under 905(a) alleging that Magnolia  is not so insured would be subject to sanctions under Rule 11.

943 F.2d 528, 531 (5th Cir. 1991); *Kerr-McGee Corp. vs. Ma-Ju Marine Services, Inc*,

830 F.2d 1332, 1229 (5th Cir. 1987).  The complaint does not indicate if the "Neesen

Rig" is a vessel although it does allege the "Neesen Rig" was "owned and operated by

Defendant Anadarko." The invocation of admiralty jurisdiction could indicate the

possibility that the Neesen is a vessel. If there are any facts which would support a

claim under the "dual capacity doctrine," specifically, that the Neesen Rig is a vessel

and there are acts of "vessel negligence" for which Magnolia would be liable as an

owner pro hac vice or charterer, the plaintiff should be given leave to make the

appropriate **factual** allegations to support such a claim.[8] *See Great Plains Trust Co.* and

*Jackson, supra.*

Finally, plaintiff cites the allegations in paragraph 18 of his Compliant wherein

he alleges that Magnolia is "jointly and severally liable in tort and under the LHWCA

due to the controlling language of the master service agreement in place between the

defendants."  Based on this language, he asserts that "an LHWCA employer waives tort

immunity under 905 when contracting with a third party for the recovery of

impermissible indemnity." [rec. doc. 14, pg. 2].  In support of this argument Lafosse

---

[8]Again, counsel is cautioned that if no such factual evidence exists, making such a claim would
be subject to the penalties of Rule 11.

cites two cases[9], neither of which stands for the argued proposition, that an indemnity agreement between an LHWCA employer and a third party waives the employer's tort immunity vis a vis the injured employee.

Despite the exclusive liability provision of the LHWCA, under certain limited circumstances, the employer may remain liable to a non-vessel third party for indemnity on the basis of an express or implied contractual obligation.  Stated differently, an LHWCA employer may contractually obligate itself to indemnify a non-vessel third party.  *See e.g. Olsen v. Shell Oil Co.*, 595 F.2d 1099, 1103 (5th Cir. 1979); *Pippen v. Shell Oil Co.*, 661 F.2d 378, 386-387 (5th Cir. 1981). Such agreements do not, however, waive the employers' immunity in tort as to claims asserted by the employer's employee. The only other remedies available to the employee against his employer when the employee is covered by the LHWCA are as set forth above and the fact that a master-service agreement may exist between Anadarko and Magnolia has no bearing on the exclusivity provisions of § 905(a) as between Magnolia and Lafosse.

## **CONCLUSION**

Based on the foregoing, it is recommended that the Motion to Dismiss [rec. doc.

---

[9]*Tram v. Manitowac Engineering, Co.*, 767 F.2d 223 (5th Cir. 1985) (non-vessel owner/lessor of a crane could recover damages it paid to injured employee by third-party claim against  the vessel owner/employer/lessee for contractual indemnity/contribution by virtue of an indemnity contract between the lessor and lessee); *Dozier v. Rowan Drilling Company, Inc*., 397 F.Supp.2d 387 (S.D. Tex. 2005) (this case concerns a motion for leave to amend a complaint to set forth the proper jurisdictional basis for the suit and a motion to strike the jury demand, which have no relevance to the issue presented to this Court).

7] be denied without prejudice to Magnolia's right to re-assert the motion after amendment, and that Kalob Lafosse be given the opportunity to amend his complaint to state a valid claim against Magnolia for damages **other than** the remedies afforded under the benefits provisions of the LHWCA. If such a claim cannot be made within the parameters of Fed.R.Civ.P. 11, plaintiff should dismiss his claims against Magnolia Torque and Testing, Inc. lest he be subject to sanctions under that rule.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 6th  day of June, 2016, at Lafayette, Louisiana.


_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**