UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| KALOB LAFOSSE | CIVIL ACTION NO. 6:16-CV-00364 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| ANADARKO PETROLEUM CORPORATION, ET AL. | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Pending before the Court is the Defendant, Anadarko Petroleum Corporation's, Partial Motion for Summary Judgment seeking a determination of what substantive law is applicable to the plaintiff's claims against it. [Rec. Doc. 38]. Even though the motion is not dispositive of the case, the Court issues this report and recommendation pursuant to 28 U.S.C. §636(b)(1)(A). The plaintiff opposes the motion [Rec. Doc. 50] and Anadarko filed a reply. [Rec. Doc. 52]. For the reasons which follow, the Court finds that the Outer Continental Shelf Lands Act determines the choice of law in this case, and the substantive law of the state of Texas as surrogate federal law is applicable because Texas is the adjacent state.

## FACTUAL BACKGROUND

The following facts are undisputed. The plaintiff was employed by Magnolia Torque and Testing, Inc. as a torque technician. Magnolia was under contract with Anadarko to work aboard the Nansen spar in East Breaks blocks 602

and 646 in the Gulf of Mexico. According to a chart prepared by the United States Department of Interior, East Breaks blocks 602 and 646 are on direct southerly line from the coast of Texas approximately midway between Galveston and Sabine Pass, Texas.[1]

The plaintiff concedes the Nansen spar is a platform located on the outer continental shelf. The undisputed facts bear out this concession. The spar is attached to the seabed of the OCS through a mooring system which consists of cables, chains and anchors. It has no means of propulsion. Since its installation in 2002, it has not moved to another location and there are no plans to move it in the future. It serves as an oil and gas production platform. This Court has found a similar spar to qualify as a fixed platform for purposes of OCS jurisdiction and applicable choice of law.[2]

At the time of the plaintiff's alleged accident, Magnolia had a two person crew working to provide support services aboard the Nansen. The plaintiff was allegedly injured in the course and scope of his employment when a pneumatic wrench he was using to loosen a nut slipped off the nut and struck him in the face.

## APPLICABLE LAW AND ANALYSIS

---

[1] *U.S. Dep't. of Interior, Minerals Management Service, Visual 1, Active Leases and Infrastructure Gulf of Mexico, Outer Continental Shelf, Feb. 10, 2010.*

[2] *Spisak v. Apache Corporation,* 2017 WL 946714 (W.D. La. 5/11/2017).

A.  **THE SUMMARY JUDGMENT STANDARD**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law.[3]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.[4] If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[5]

B.  **THE BASIS OF THIS COURT'S JURISDICTION IS NOT THE GENERAL MARITIME LAW**

In his original complaint, as well as in his inserts to the Rule 26(f) report, the plaintiff alleged that jurisdiction fell under the general maritime law and the Longshore and Harborworker's Compensation Act, specifically 33 U.S.C. §905(a)

---

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[4] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

[5] *Washburn v. Harvey*, 504 F.3d at 508.

and (b) as well as 933. It is undisputed that plaintiff is deemed a longshoreman by application of the Outer Continental Shelf Lands Act, 43 U.S.C. Section 1333(b).

"A party seeking to invoke federal admiralty jurisdiction under 28 U.S.C. § 1333(1) over a tort claim must satisfy conditions both of location and of connection with maritime activity. A court applying the location test must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water."[6]

It is also well-settled law that the LHWCA, specifically, 33 U.S.C. §905(b), does not "create a new or broader cause of action in admiralty than that which previously existed. . . To be cognizable under § 905(b), a tort must occur on or in navigable waters subject, of course, to the provisions of the Admiralty Extension Act, and there must be the traditional admiralty nexus."[7]

It is undisputed that the tort alleged in this case did not occur on navigable water. It is also undisputed that this "platform-located" incident was not caused by a vessel on navigable water such that the Admiralty Extension Act might apply. Therefore, this Court does not have jurisdiction under the general maritime law.

While the plaintiff does not correctly invoke OCSLA for jurisdictional

---

[6] *Grubart v. Great Lakes Dredge and Dock,* 513 U.S. 527, 534 (1995).

[7] *Richendollar v. Diamond M Drilling Co. Inc.* 819 F.2d. 124, 125 (5th Cir. 1987) (en banc).

purposes, 'because jurisdiction is invested in the district courts by [the OCSLA jurisdictional] statute '[a] plaintiff does not need to expressly invoke OCSLA in order for it to apply.'"[8] The jurisdictional statute provides federal district courts with jurisdiction over " cases and controversies arising out of, or in connection with . . . any operation conducted on the outer Continental Shelf which involves exploration, development or production of the minerals, of the subsoil and seabed of the outer Continental Shelf . . ."[9] "OCSLA asserts exclusive federal question jurisdiction over the OCS by specifically extending '[t]he Constitution and laws and civil and political jurisdiction of the United States ... [to the OCS] and all installations and other devices permanently or temporarily attached to the seabed . . . for the purpose of exploring for, developing, or producing resources therefrom.'"[10]

In *Deepwater Horizon,* the most recent Fifth Circuit case where the court was called upon to determine if OCSLA jurisdiction was present, the court applied a "but-for" two-pronged test asking whether: (1) the activities that caused the injury constituted an "operation" "conducted on the outer Continental Shelf" that

---

[8] *In re Deepwater Horizon,* 745 F.3d 157, 163 (5th Cir. 2014), *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 213 (5th Cir. 2013).

[9] 43 U.S.C. §1349(b)(1).

[10] *Barker*, 713 F.3d at 213 *citing* 43 U.S.C. §§ 1332(1), 1333(a)(1), 1349(b)(1) and *Recar v. CNG Producing Co.*, 853 F.2d 367, 370 (5th Cir. 1988).

involved the exploration and production of minerals, and (2) the case "arises out of, or in connection with" the operation.[11]

Based on the allegations of the complaint and the undisputed facts which this Court may consider in aid of determining its jurisdiction, there is no viable argument to counter the application of OCSLA's jurisdictional statute to vest this Court with subject matter jurisdiction. The alleged injury occurred on a fixed platform that was involved in oil and gas production on the outer continental shelf. The activities of the Magnolia crew at the time of the injury were performed in support of the Nansen spar in its function as a production platform. Therefore, the Court finds that its subject matter jurisdiction is based on 33 U.S.C. §1349. However, that does not end the inquiry into the applicable substantive law.

## C. TEXAS LAW, AS THE LAW OF THE ADJACENT STATE, APPLIES AS THE SUBSTANTIVE LAW IN THIS CASE.

Once it is determined that a federal court has jurisdiction under OCSLA, the court must then examine the OCSLA choice of law provision and decide whether state, federal, or maritime law applies to that particular case.[12] The choice of law provision contained in 43 U.S.C. § 1333(a)(2)(A) states that:

---

[11] *Deepwater Horizon*, 745 F.3d at 163 *citing EP Operating Ltd.,* 26 F.3d at 568-569.

[12] *Petrobras America, Inc. v. Vicinay Cadenas, S.A.*, 815 F.3d 211, 215 (5th Cir. 2016); *In re DEEPWATER HORIZON*, 745 F.3d at 164.

> [t]o the extent that they are applicable and not inconsistent. . ., the civil and criminal laws of each adjacent State. . . are hereby declared to be the law of the United States for that portion of the subsoil and seabed of the outer Continental Shelf, and artificial islands and fixed structures erected thereon, which would be within the area of the State if its boundaries were extended seaward to the outer margin of the outer Continental Shelf. . . .[13]

The Court takes judicial notice of the fact that East Breaks Blocks 602 and 646 are within the area of Texas if the boundaries of Texas were extended seaward as these two blocks are directly south of the Texas coast approximately midway between Galveston and Sabine Pass, Texas. Having reached this determination, the next question is whether the law of Texas, as surrogate federal law, applies.

For over twenty-five years it has been settled in this circuit:

> for adjacent state law to apply as surrogate federal law under OCSLA, three conditions are significant. (1) The controversy must arise on a situs covered by OCSLA (i.e. the subsoil, seabed, or artificial structures permanently or temporarily attached thereto). (2) Federal maritime law must not apply of its own force. (3) The state law must not be inconsistent with Federal law.[14]

In this case, all three of those conditions are satisfied.

First, the incident in which the plaintiff was allegedly injured occurred on an OCSLA situs. The Nansen spar is an oil and gas production platform with no

---

[13]   43 U.S.C. § 1333(a)(2)(A).

[14]   *Union Texas Petroleum Corp. v. PLT Engineering, Inc.*, 895 F.2d 1043, 1047 (5th Cir. 1990).

means of propulsion that is attached to the seabed off the coast of Texas,[15] and it is not a vessel.[16]

Second, federal maritime law does not apply on its own. "OCSLA Section 1333(a)(1) and admiralty law constitute alternative, not overlapping, regimes of federal law."[17] "In order for maritime law to apply to an OCSLA tort action such as this one, there must be both a 'maritime situs and a connection to traditional maritime activity.'"[18]

This Court has already found that the first criteria is not met in this case in the context of determining its jurisdiction. An incident that occurs on a fixed offshore oil production platform does not meet the situs requirement.[19] In this case, there was no vessel involved in the accident. Accordingly, the location test is not satisfied.

The third requirement for the application of state law is that state law not be inconsistent with federal law. "It has been recognized by the Supreme Court that

---

[15] Rec. Doc. 38-3 at 2.

[16] *Spisak v. Apache Corporation, supra*; see also *J. Ray McDermott Engineering, L.L.C. v. Fugro-McClelland Marine Geosciences, Inc.*, No. 04-1335, 2007 WL 763716, at *1 (E.D. La. Mar. 8, 2007).

[17] *In re DEEPWATER HORIZON*, 745 F.3d at 166.

[18] *Barker v. Hercules Offshore, Inc.*, 713 F.3d at 215 (quoting *Hufnagel v. Omega Service Industries, Inc.*, 182 F.3d 340, 351 (5th Cir. 1999)).

[19] *Thibodeaux v. Grasso Production Management Inc.*, 370 F.3d 486, 494 (5th Cir. 2004); *Hufnagel v. Omega Service Industries, Inc.*, 182 F.3d 340, 351 (5th Cir. 1999).

unless a federal law is applicable to the particular case, the state law is not inconsistent with it."[20]  In this case, maritime law is not applicable to the plaintiff's claims, Texas law is adopted as surrogate federal law, and any differences between Texas law and federal law are not inconsistencies for the purpose of determining whether the OCSLA's choice of law provision governs.[21]  Furthermore, the Fifth Circuit has expressly held that even when the plaintiff is covered under the LHWCA, (as is the case here by operation of OCSLA) and state law provides the substantive cause of action against a third party, i.e. the defendant here with no involvement of a vessel, state law also governs the question of whether proportionate liability rather than joint-and-several liability applies, and there is no inconsistency with federal law.[22]  Therefore, the third requirement for the application of Texas law is satisfied.

## CONCLUSION

For the foregoing reasons, and finding no genuine issues of material fact to be resolved, the court finds that Texas law applies to the parties' dispute. Accordingly,

IT IS RECOMMENDED that the motion for partial summary judgment filed

---

[20]   *English v. Wood Group PSN, Inc.*, No. 15-568, 2015 WL 5061164, at *7 (E.D. La. Aug. 25, 2015) (citing *Chevron Oil Co. v. Huson*, 404 U.S. 97, 103-04 (1971)).

[21]   *Arsement v. Spinnaker Exploration Co., LLC* 400 F.3d 238, 243 (5th Cir. 2005).

[22]   *Fontenot v. Dual Drilling Co.*, 179 F.3d 969, 976 (5th Cir. 1999).

by Anadarko with regard to the applicability of Texas state law be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 28th day of February, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE